FRANK, Judge.
The former wife in this dissolution case appeals from a summary judgment and a judgment on the pleadings entered in favor of the former husband on her petition for modification.
In an effort to increase the amount of alimony she was to receive the wife contended in her petition, among other things, that she was unemployable for emotional reasons and there was no hope for future employment. The husband asserts that these allegations could not form the basis for modification of the final judgment, which contained the following award:
5. The Husband shall pay to the Wife as permanent periodic alimony, the sum of $675.00 monthly commencing June 19, 1985, for a period of two (2) years. By the expiration of that period, it is anticipated by the Court that the Wife will be employed or drawing social security or both. The alimony will continue after expiration of the two (2) years at the rate of $350.00 per month.
Essentially, the husband contended before the trial court that the final judgment recognized that the wife was unemployed, and the fact that she remained unemployed at the time she filed her petition for modification did not evidence a change in circumstances. The trial court adopted this view and entered the judgments from which the wife has appealed. We reverse.
The conditions which existed at the time the wife filed her petition for modification were not anticipated by the final judgment which, if anything, incorporates an assumption that the wife was at the least employable. Furthermore, in his counterpetition for modification, the husband alleged that the wife was fully capable of working but refused to do so because she preferred to be supported solely by the husband, thus creating a genuine issue of material fact, *82 i.e., whether a substantial change m circumstances had occurred. See § 61.14, Fla.Stat. Another allegation in the wife’s petition was that she “continued” to be in need of counseling, language from which the husband attempted to extract the inference that the wife’s counseling needs existed when the final judgment was entered. To the contrary, however, the judgment nowhere touches upon the matter of counseling. The wife’s petition states a cause of action and there exist genuine issues of material fact precluding summary judgment or judgment on the pleadings. Our examination of the record has led us to conclude that the trial court prematurely resolved this matter.
Thus, we reverse the orders under review and remand for a hearing on the wife’s petition and the husband’s counter-petition.
RYDER, A.C.J., and LEHAN, J., concur.